IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: SUBPOENA ISSUED IN THE    *
MATTER OF EARL SCOTT BREWER,    *
*et al.*,    *
       *
    Plaintiffs,    *
       *
vs.    *   MISC. CASE NO.  14-00003-KD-B
       *
ALLSTATE INSURANCE COMPANY,    *
       *
    Defendant.    *

**ORDER**

This action is before the Court on Plaintiffs' Motion to Enforce Subpoena issued to Pilot Catastrophe Services, Inc. (Doc. 5). A discovery conference was conducted on September 5, 2014, with counsel for Plaintiffs and non-party Pilot Catastrophe Services, Inc. (hereinafter "Pilot") participating. Based upon a review of the motion and Pilot's response in opposition, and the representations of counsel, the motion is **granted** in part and **denied** in part.

As directed at the discovery conference, counsel for Plaintiffs shall provide, within seven (7) days of this order, written notification to Pilot's defense counsel, of the names of the Pilot claims adjusters who handled, on behalf of Allstate insurance, the flood claim that Plaintiffs filed with Allstate insurance for their property located at 14 Sawgrass Drive,

LaPlace, Louisiana. Also, within seven (7) days of this order, counsel for Pilot shall submit to Plaintiffs' counsel a proposed joint confidentiality agreement and order. Plaintiffs' counsel is responsible for executing and filing the proposed order with the Court.

Moreover, for the reasons stated on the record, Pilot is directed to produce the following documents fourteen (14) days after identification of the Pilot claims adjusters who handled Plaintiffs' flood claim on behalf of Allstate:

**Requests Nos. 1, 18, 19:** the curriculum vitae, application, resume, training record and performance appraisals of the Pilot claims adjusters identified by Plaintiffs.

**Request Nos. 2, 15:** any documents generated from an electronic search of Pilot's database utilizing the insured's name, property address, claim number and the claim adjuster's name.

**Request No. 4:** all Pilot invoices and timesheets related to the specific flood claim at issue.

**Requests Nos. 5-9:** claims handling manuals and training materials that were utilized by Pilot to adjust flood claims for Allstate up to two years prior to the flood that is at issue in this case, and

**Request Nos. 10-14:** produce any materials that were generated or utilized by Pilot claims adjusters to handle Plaintiffs' flood

claim on behalf of Allstate, and were not maintained in the Allstate claim file.

Finally, for the reasons observed on the record, the remaining documents being sought by Plaintiffs should be obtained, if at all, directly from Allstate, a party to this action. The court where the underlying action is pending is in a better position to ascertain whether the requested documents are relevant, and whether the benefit of said discovery is significant when measured against the issues at stake and burden of retrieving said documents.

**DONE** this **5th** day of **September, 2014.**

                                            **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**